THE following articles of an agreement were made and executed by Wash and Thompson, of the one part, and Harrison, of the other part, namely :
Articles of agreement made aryl entered on, by and between Jesse Harrison, of Christian county, Kentuc. ky, and George Wash and Charles Thompson, of the other part, witnesseth as follows, viz. That the said George Wash and Charles Thompson do hereby agree to pay unto Jesse Harrison, two dollars per acre for lire Garris claim ; that is, the wagon and horses, &c.' at two hundred, of Mr. Thompson’s, and one hundred dollars per annum,, the first due the first of November 1814 : and Mr. Wash one hundred per annum, first due November 1818, until the amount per acre, at two dollars, shall be paid for Garris’ claim, including the vacant part that 1 purchased of Benjamin Campbell $ and Harrison to make them a good and sufficient genera! warranty deed for the land. Given under our bauds and seals, this November 1814.
Jesse Harrison, [Seal.]
George Wash, (Seal.]
Charles Thompson, [Seal.]”
Under this contract, Wash and Thompson took the possession of the land, and paid a considerable part of the purchase money; but before the whole amount was *303 paid, suit was brought by a certain D. L. Campbell against them, for part of the land. Wash and Thompson then refused to make further payment, and Barrí» son and others, to whom ftarrison had assigned part of the obligations of Wash and Thompson for the purchase money, brought suits and recovered judgments against them at law.
Wash and Thompson then exhibited, their bill in equity, setting out their purchase from Harrison, alleging that suit has been brought against them by D. L. Campbell for about ninety acres of the land purchased from Harrison, and that they are informed and believe Harrison has no title to "the land, and calling on him to produce his title, if any he has. The bill charges, that the tract purchased consisted of two parts, one containing, by grant, 400 acres, and the other 30 acres; and that both together, were estimated, at the time of the purchase, at 565 acres, The bill asks and obtains an injunction against thé-judgments at, law; and if Harrison should be unable to exhibit a fair title, asks for a rescisión of the contract; but if a title should be exhibited, the bill prays for a conveyance for so much as Harrison may have title to convey, &c.
The answer of Harrison admits the contract, as set forth in the bill, and that suit has been brought against Wash and Thompson by D. L. Campbell ; but denies that Campbell’s claim is of any legal validity. The answer also admits that Harrison has no title to the thirty acres of land; hut alleges that he had purchased it, and at the time of his sale Jo Wash and Thompson, expected to obtain the titlebut he is now fearful he will be unable to obtain a title to that part. Harrison states in his answer, that he has the title to the ©arris claim, the residue of the land sold by him, and exhibits his title thereto in court. He alleges, that instead of 400 acres, the patent for that claim includes about 610 acres, and expresses a willingness to convey 565 acres, the estimated quantity sold by him; but insists on his right to pay, at the rate of two dollars per acre, for the quantity above that number of acres, before Wash and Thompson can claim it. The answer denies that there is any material difference between the value of the thirty acres for which he has no title, and the other tract for which he has title.
*304 The circuit court dissolved the injunction obtained against the judgments at law, with damages and costs, and decreed that Harrison should convey to Wash and Thompson, by deed with general warranty, 565 acres, part of the Garris claim, when they should pay the purchase money, &c. The correctness of that decree is now presented for the revision of this court.
It is proper here to remark, that the record is totally destitute of any evidence authorising the conclusion that the Garris tract contains the quantity of 565 acres. The only thing in the record, except the allegation contained in the answer of Harrison, which can even authorise a conjecture that 565 acres is comprehended within that tract, is a statement in the deed which was executed by Pile to Harrison; but that purports to have been made since the commencement of this suit; and as neither Wash nor Thompson is a party thereto, its statements cannot be re. ceived as evidence against them, of the quantity of acres therein contained; and if it could, its force would be counteracted by the suggestion in the patent to Pile, representing the quantity to be 400 acres only. Without any evidence of the tract containing the quantity of 565 acres, therefore, it was evidently incorrect for the court, in a bill seeking an undisputed title, to decree Wash and Thompson to receive from Harrison a title for that quantity of acres. The most that ought to have been done, under the circumstances of the case, was to have caused the quantity contained in that tract, to have been ascertained by actual survey, and if the quantity, on experiment, should be found to be greater than the estimated quantity sold by Harrison, to have ordered Harrison to convey the entire quantity, upon the receipt of the stipulated price of two dollars per acre; for as, according to the written agreement, the whole tract was purchased at the price of two dollars per acre, in decreeing the specific execution of that contract, the decree should extend to the whole tract. But if the tract should not contain the estimated quantity sold by Harrison, the injunction most certainly ought not to have been entirely dissolved ; for Harrison admits his inability to convey the thirty acres, and for a rateable deduction of the purchase money on that quantity of acres, Wash and Thompson have an unquestionable equity, unless the. *305 flai'rís tract contains an excess in quantity, above that Which was cs'im atedia t the sale,-equal to !,he thirty acres for which Harrison has no title. If the G ir*-is tract contains such an excess, then, as Wash and Teotnp son by their contract are bound to pay for that excess at the same rate which the thirty acres were to be paid for, their equity to be relieved' Oil account of the defect of title in the thirty acres* will be counteracted by their liability to Harrison for that excess.
With respect to the claim asserted by Campbell, we are not of opinion that it is exhibited in a shape toen, title Wash and Thompson to any relief. . It is conceded, that a purchaser of land should not be compelled to receive a doubtful title; but there i§ nothing contained in the present record, which will authorise the .court to say, that the claim of Campbell is of a character to render the title of Harrison doubtful. He is admitted to have prosecuted suit on' his claim; but the validity of his claim is denied by Harrison; and without any evidence of what it consists, this court is not at liberty to infer any thing favorable to it.
The decree must, however, be reversed with costs, the cause remanded to the court below, and such orders and decrees there made, as may not be inconsistent with this opinion.